

FILED
CLERK, U.S. DISTRICT COURT

02/23/21

CENTRAL DISTRICT OF CALIFORNIA
BY: ____DM____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>YIXIN LI,<br>　　aka "Eason Li" and<br>　　　"Calvin Wong," and<br>YI CHEN,<br>　　aka "Brian Chen,"<br><br>　　　　Defendants. | CR 2:21-cr-00075-MCS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy;<br>18 U.S.C. § 1546(a): Fraud and<br>Misuse of Visas, Permits, and<br>Other Documents; 18 U.S.C.<br>§ 1028A(a)(1): Aggravated Identity<br>Theft; 18 U.S.C. §§ 982, 1028, 28<br>U.S.C. § 2461: Criminal<br>Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.　Defendant YIXIN LI, also known as "Eason Li" and "Calvin Wong," owned, controlled, managed, and operated an education consulting company ("Company A"), located in Alhambra, California.

2.　Defendant YI CHEN, also known as "Brian Chen," was an employee of Company A from April 2014 until April 2016.

3.　Beginning on or about April 20, 2016, defendant CHEN incorporated, owned, controlled, managed, and operated an education

consulting company ("Company B"), with its business location in Arcadia, California.

4.   On or about August 11, 2017, defendant CHEN changed the name and business location of Company B, referred to as "Company C" in this Indictment, in Arcadia, California.

5.   The Department of Homeland Security ("DHS") was responsible for processing requests submitted by foreign nationals seeking lawful entry into, and authority to remain in, the United States.  DHS was further responsible for collecting and maintaining accurate records of non-immigrant aliens living in the United States.

6.   DHS administered several programs through which aliens could obtain permission to enter and remain in the United States, including the F-1 Student Visa Program.  Under this program, foreign students could enter and remain in the United States on a temporary basis to pursue academic studies.  In order to obtain the immigration benefits afforded by the F-1 Student Visa Program, a foreign student first had to be accepted into a DHS-approved school through the DHS Student and Exchange Visitor Program ("SEVP").

7.   A foreign student seeking admission into a college or university within the SEVP was required to meet admissions criteria, as set by the school at which the student sought admission.  These admission criteria included, but were not limited to a minimum grade point average ("GPA"), passing scores on the Scholastic Achievement Test ("SAT") and the Test of English as a Foreign Language ("TOEFL"), admissions essays, and letters of recommendation.

8.   If a school within the SEVP decided to admit the student, the school had to issue the student a "Form I-20, Certificate of Eligibility for Nonimmigrant (F-1) Student Status - For Academic and

Language Students" ("Form I-20").  By issuing a Form I-20 to a foreign student, the DHS-approved school certified that the student: (1) met all standards of admission for the school based on a review of the student's application, transcripts, proof of financial responsibility, and other records; and (2) had been accepted for, and would be required to pursue, a full course of study.

9.   Once a foreign student received a Form I-20 from a school, the student was eligible to receive an F-1 Visa.  The foreign student could then use the F-1 Visa and Form I-20 to enter and remain in the United States for a period of time known as "duration of status." Federal regulations defined "duration of status" as the time during which a foreign student was pursuing a full course of study at a DHS-approved school.  Additionally, a foreign student was considered to be maintaining valid F-1 student status if he or she made normal progress towards completing a course of study.  After the foreign student completed his or her course of study, the student was required to depart the United States.

10.   Once in the United States, a foreign student was permitted to transfer from one school within the SEVP to another, so long as the student maintained valid F-1 student status and pursued a full course of study.  To transfer schools while maintaining valid F-1 student status, a foreign student needed to obtain a new Form I-20 from the SEVP approved school to which the student intended to transfer.  Upon receipt of a Form I-20 from the accepting SEVP approved school, the foreign student could officially transfer and remain in the United States as long as he or she pursued a full course of study at the new SEVP approved school.

11.   The Student Exchange Visitors Information System ("SEVIS") was the government-run computer database that SEVP approved schools were required to use to maintain up-to-date and accurate records regarding foreign students attending their schools.  To that end, SEVP approved schools were required to report when foreign students completed their studies, dropped below a full course of study, failed to maintain status, or failed to complete their educational programs. The SEVIS database was the mechanism through which immigration officials monitored the status of foreign students who were enrolled at SEVP approved schools.

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

12.   The Grand Jury realleges paragraphs 1 through 11 of this Indictment here.

A.   OBJECT OF THE CONSPIRACY

13.   Beginning on a date unknown to the Grand Jury, but not later than in or around June 2015 and continuing until at least in or around February 23, 2021, in Los Angeles County, within the Central District of California, defendants LI and CHEN conspired with others known and unknown to the Grand Jury, to knowingly obtain, and willfully cause to be obtained, documents prescribed by statute and regulation for entry into, and as evidence of authorized stay and employment in, the United States, that is, Form I-20s for foreign students to attend SEVP approved schools, knowing them to have been procured by false claims and statements and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2(b).

B.   MANNER AND MEANS OF THE CONSPIRACY

14.   The object of the conspiracy was to be carried out, and was carried out, in substance, as follows:

a.   Foreign students seeking to enter into or stay in the United States signed contracts with defendants LI and CHEN through Company A and Company C, where defendants LI and CHEN guaranteed admission or transfer to a SEVP approved school of the student's choice.  The foreign student paid a portion of the contract fee upfront, which was returned to them if the student was not admitted into at least one of the schools of their choosing.

b.     Foreign students would then provide their passport or other form of identification to defendants LI and CHEN, and others known and unknown to the Grand Jury.  Depending on the admission criteria of the student's school of choice, defendants LI and CHEN would arrange for and pay co-conspirators to impersonate the foreign student and take the SAT or TOEFL, achieving a passing score.

c.     Defendants LI and CHEN, and others known and unknown to the Grand Jury, also utilized fraudulently-created or fraudulently-altered high school or college transcripts to reflect a passing GPA, and paid co-conspirators to write admissions essays and letters of recommendation on the student's behalf.

d.     Using the fraudulent documents and fraudulently obtained test scores, defendants LI and CHEN, and others known and unknown to the Grand Jury, created application packages to schools on the foreign student's behalf.  Defendants LI and CHEN would then submit them to the student's schools of choice.  Once the student was accepted at a school of their choice, the SEVP approved school would issue a Form I-20, allowing the student to fraudulently enter into or remain in the United States.

C.   OVERT ACTS

15.   On or about the following dates, in furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants LI and CHEN, together with others known and unknown to the Grand Jury, committed the following overt acts, among others, within the Central District of California and elsewhere:

**STUDENT Y.S.**

Overt Act No. 1:     On or about May 29, 2016, defendant LI emailed defendant CHEN a fraudulently created diploma and transcript

for student Y.S. from the University of California, Berkeley.

Overt Act No. 2:   On or about an unknown date, co-conspirators created a fraudulent transcript from the Beijing Technology and Business University, located in Beijing, China, for student Y.S.

Overt Act No. 3:   On or about August 14, 2018, defendant CHEN electronically submitted an application package for student Y.S., containing the fraudulent transcript from the Beijing Technology and Business University, to the University of California, Riverside Extension.

Overt Act No. 4:   On or about December 8, 2018, after being admitted to the University of California, Riverside Extension and obtaining a Form I-20, student Y.S. applied for an F-1 Student visa, which was granted.

**STUDENT H.C.**

Overt Act No. 5:   On or about June 28, 2017, defendant LI emailed defendant CHEN a fraudulent transcript from Beijing Geely University School of Business, located in Beijing, China for student H.C.

Overt Act No. 6:   On or about August 31, 2017, co-conspirators submitted a paper application package for student H.C. to the Horizon Institute, including the fraudulent transcript from Beijing Geely University School of Business.

Overt Act No. 7:   On or about September 15, 2017, student H.C. maintained F-1 student status after obtaining a Form I-20 from the Horizon Institute.

Overt Act No. 8:   On or about an unknown date, co-conspirators created a fraudulent transcript from Shenyang Number Two High School in Shenyang, China, for student H.C.

Overt Act No. 9:   On or about an unknown date, co-conspirators created a fraudulent transcript from Nankai University in Tianjin, China, for student H.C.

Overt Act No. 10:   On or about January 4, 2018, CHEN electronically submitted an application package for student H.C. to Bethesda University containing both fraudulent transcripts from Shenyang Number Two High School and Nankai University.

Overt Act No. 11:   On or about January 5, 2018, student H.C. maintained F-1 student status after obtaining a Form I-20 from Bethesda University.

**STUDENT H.L.**

Overt Act No. 12:   On or about an unknown date, co-conspirators created a fraudulent transcript for student H.L. from Angeles College, located in Los Angeles, California.

Overt Act No. 13:   On or about April 26, 2019, defendant LI emailed defendant CHEN the fraudulent transcript for student H.L.

Overt Act No. 14:   On or about June 6, 2019, co-conspirators electronically submitted an application package for student H.L. to Boston University, which contained the fraudulent transcript from Angeles College.

Overt Act No. 15:   On or about July 26, 2019, student H.L. maintained F-1 student status after obtaining a Form I-20 from Boston University.

COUNTS TWO THROUGH NINETEEN

[18 U.S.C. §§ 1546, 2(b)]

[ALL DEFENDANTS]

16.  The Grand Jury realleges paragraphs 1 through 11 and 14 of this Indictment here.

17.  On or about the dates listed below, in Los Angeles County, within the Central District of California, and elsewhere, defendants LI and CHEN knowingly obtained, and willfully caused to be obtained, a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Form I-20, for the foreign student described below to attend the school listed below, knowing the document to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained:

| COUNT | DEFENDANT(S) | I-20 ISSUE DATE | STUDENT | SCHOOL |
|---|---|---|---|---|
| TWO | LI | 1/24/2017 | Y.M. | Orange Coast Community College |
| THREE | LI | 6/7/2017 | K.X. | University of Illinois Urbana-Champaign |
| FOUR | LI | 6/28/2017 | K.Z. | University of California Irvine |
| FIVE | LI | 7/18/2017 | J.M. | University of California Irvine |
| SIX | LI | 1/15/2020 | Z.So. | Boston College |
| SEVEN | LI | 6/17/2020 | S.S. | University of California Irvine |
| EIGHT | LI | 8/13/2020 | Z.Sh. | University of California Irvine |
| NINE | CHEN | 8/10/2016 | H.Z. | University of California Irvine |
| TEN | CHEN | 1/5/2017 | T.J | New York University |
| ELEVEN | CHEN | 5/31/2017 | J.Y. | Columbia University |
| TWELVE | CHEN | 7/10/2017 | Z.Z. | New York University |

| COUNT | DEFENDANT(S) | I-20 ISSUE DATE | STUDENT | SCHOOL |
|---|---|---|---|---|
| THIRTEEN | CHEN | 6/9/2018 | T.L. | University of Southern California |
| FOURTEEN | CHEN | 6/28/2018 | J.Z. | New York University |
| FIFTEEN | CHEN | 7/23/2020 | Y.Su | Babson College |
| SIXTEEN | CHEN | 9/3/2020 | J.D. | University of California San Diego |
| SEVENTEEN | LI and CHEN | 1/5/2018 | H.C. | Bethesda University |
| EIGHTEEN | LI and CHEN | 8/22/2018 | Y.S. | University of California Riverside Extension |
| NINETEEN | LI and CHEN | 7/26/2019 | H.L. | Boston University |

COUNT TWENTY

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT LI]

18.   The Grand Jury realleges paragraphs 1 through 11 and 14 of this Indictment here.

19.   On or about December 22, 2016, in Los Angeles County, within the Central District of California, defendant LI knowingly possessed and used, without lawful authority, means of identification that defendant LI knew belonged to another person, namely, the name and date of birth of student Y.M., during and in relation to the offense of Fraud and Misuse of Other Documents, a felony violation of Title 18, United States Code, Section 1546(a), as charged in Count Two of this Indictment.

COUNT TWENTY-ONE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT CHEN]

20.   The Grand Jury realleges paragraphs 1 through 11 and 14 of this Indictment here.

21.   On or about September 29, 2016, in Los Angeles County, within the Central District of California, defendant CHEN knowingly possessed and used, without lawful authority, means of identification that defendant CHEN knew belonged to another person, namely, the name and date of birth of student T.J., during and in relation to the offense of Fraud and Misuse of Other Documents, a felony violation of Title 18, United States Code, Section 1546(a), as charged in Count Ten of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982 and 28 U.S.C. § 2461]

22. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(i) and (ii)(I) and (II), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Counts Two through Nineteen of this Indictment.

23. Any defendant so convicted shall forfeit to the United States of America the following:

(a) Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense;

(b) Any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offense;

(c) Any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, including, but not limited to:

(i) 917 South Ramona Street, San Gabriel, California 91776; and

(ii) 325 North Terrace View Drive, Monrovia, California 91016

(d) In the event such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

24. Pursuant to Title 21, United States Code, Section 853(p),

13

as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1028 and 28 U.S.C. § 2461(c)]

25.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 1028 and Title 28, United States Code, Section 2461(c) in the event of any defendant's conviction of the offenses set forth in any of Counts Twenty or Twenty-One of this Indictment.

26.  Any defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b)  Any personal property used or intended to be used to commit the offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

27.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1028(g), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has

been commingled with other property that cannot be divided without

difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

MATTHEW C. CHAN
Special Assistant United States Attorney
General Crimes Section